D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x

**ANA CAMPOS and JONATHAN WEISS on behalf of themselves and others similarly situated,**

**Plaintiff,**

**v.**

**NEXUS T-SQUARED SOCIAL NY LLC, d/b/a T-SQUARED SOCIAL,**

**Defendants**

---------------------------------------------------x

**CASE NO. 1:26-CV-254**

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1. T-Squared Social is a high-profile sports and entertainment venue located in Midtown Manhattan. T-Squared Social markets itself as a premier destination combining dining, nightlife, and interactive entertainment, and is widely associated with celebrity partners Tiger Woods and Justin Timberlake, whose names and reputations are prominently used to promote the brand.

2. Plaintiffs, bartenders at T-Squared Social, bring this action on behalf of themselves and other service employees who worked at T-Squared Social and were integral to delivering the upscale experience Defendant advertised to the public. Despite the venue's public image, premium

pricing, and celebrity affiliation, Defendant engaged in tip theft and other wage-and-hour violations of federal and New York law.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District because Defendant conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

5. Defendant Nexus T-Squared Social NY LLC, ("T-Squared Social") is a Delaware limited liability company that owns and operates a restaurant called T-Squared Social in midtown Manhattan.

6. At all relevant times T-Squared Social's annual gross volume of sales has exceeded $500,000.

7. T-Squared Social has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

8. Plaintiff Ana Campos has worked for Defendant as a bartender at T-Squared Social from November 2024 to the present.

9. Plaintiff Jonathan Weiss worked for Defendants as a bartender at T-Squared Social from mid-2023 until mid-2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendant at T-Squared Social on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully retaining their tips and paying the wrong overtime rates. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and contact information are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13. Plaintiffs bring the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendant on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

14. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said F.R.C.P. 23.

15. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

16. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage compensation, illegal retention of tips, and failure to provide required wage notices/statements. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

17. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendant employed Plaintiffs and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendant required to pay Plaintiffs and the Class members for their work.

c) Whether Defendant paid Plaintiffs and the Class members the minimum wage for all hours worked.

d) Whether Defendant illegally retained Plaintiffs' and the Class Members' tips.

e) Whether Defendant provided Plaintiffs and Class members with proper wage notices and wage statements.

## FACTS

21. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

22. Defendant committed the following alleged acts knowingly, intentionally, and willfully.

23. For most shifts, Defendant paid Plaintiffs the New York foodservice workers' minimum wage plus tips.

24. In many weeks, such as the weeks ending November 4, November 11, November 25, and December 2, 2025, Defendant paid foodservice workers' minimum wage ($11 per hour) plus tips for all hours worked.

25. Defendant was not entitled to pay Plaintiffs the New York foodservice workers' minimum wage because it did not give her proper notice of the tip credit. For example, in the beginning of 2025, Plaintiffs were not given notice that full minimum wage was $16.50 and that a $5.50 tip credit was being applied to the minimum wage.

26. Plaintiff Weiss often worked overtime for Defendants. On these occasions, he was not paid the legally required overtime rate.

27. For example, for the work period ending 10/3/2023, Plaintiff Weiss was paid for 3.67 hours of overtime at the rate of $17.10 per hour. Even if Defendants had been entitled to pay Plaintiff Weiss the tip credit minimum wage, his rate should have been $17.50. Further, as discussed above, Defendant was not entitled to pay Plaintiff pursuant to the tip credit minimum wage, and he should have been paid $22.50, the New York full minimum overtime rate for overtime hours.

28. For certain shifts, Defendant pays Plaintiffs an hourly wage that is higher than the minimum wage. Plaintiff does not receive tips for these shifts.

29. Defendant never gave Plaintiffs notice of the actual wage she would be paid for the shifts where she did not receive tips (the rate has varied through Plaintiffs' employment) or when she would be paid this rate.

30. Defendant retained Plaintiffs' tips. For example, for many events, including buyouts, Defendant charges customers gratuities calculated as a percentage of food and beverage charges. Often customers leave gratuities in addition to the charge charged by Defendant.

31. When Defendant pays Plaintiffs and the rest of the service team an hourly rate above the minimum wage, Defendant does not distribute any of the mandatory or voluntary gratuities paid by the customers.

32. Further, on many nights when the restaurant is open for walk-in business, Defendant retains portions of the cash tips paid by customers.

33. For example, on December 15, 2025, Defendant distributed about $17 in cash tips to the service staff, even though the actual cash tips received that night well exceeded that figure.

34. Defendants did not give Plaintiffs paystubs that identified the tip credit that Defendants were taking against the minimum wage owed Plaintiff, in violation of New York Law.

35. As a result of this violation combined with Defendants' failure to give Plaintiffs appropriate notice of the tip credit, Plaintifs were unaware that they were illegally being paid pursuant to a tip credit and did not pursue full payment until the instant lawsuit.

36. Defendant committed the foregoing acts against Plaintiffs, the FLSA Collective Members and the Class Members.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(FLSA Minimum Wage, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

37. Plaintiffs reallege and incorporates by reference all preceding paragraphs.

38. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

39. At all relevant times, Defendant employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

40. During the statute of limitations period covered by these claims, Defendant knowingly retained the tips of Plaintiff and the FLSA Collective Plaintiffs.

41. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff Weiss on Behalf of Himself and the FLSA Collective Plaintiffs)**

42. Plaintiff Weiss, on behalf of himself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

43. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

44. Throughout the statute of limitations period covered by these claims, Plaintiff Weiss and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

45. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

46. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff Weiss and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

47. Plaintiff Weiss, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

48. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

49. Defendant knowingly paid Plaintiff and the Class members less than the New York State minimum wage for all hours worked.

50. As a result of Defendant's unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(New York Overtime Violations,**
**N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**Brought by Plaintiff Weiss on Behalf of Himself and the Class)**

51. Plaintiff Weiss, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

52. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

53. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff Weiss and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

54. As a result of Defendants' willful and unlawful conduct, Plaintiff Weiss and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

55. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

56. Defendant did not provide Plaintiffs and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195. For example, the paystubs for Plaintiffs and members of the Class did not accurately reflect all the required information.

57. As a result of Defendant's unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**(New York Tip Misappropriation, N.Y. Lab. L. § 196-d)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

58. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

59. Defendants unlawfully retained Plaintiffs' and Class members' tips.

60. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and

members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. §, 216, N.Y. Lab. L. §§ 198, 663, and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: New York, New York
January 12, 2026

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ *D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.