# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 45 Broadway, Suite 320 |
| D. Maimon Kirschenbaum | New York, NY 10006 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

June 23, 2026

**<u>VIA ECF</u>**

Honorable Andrew L. Carter
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> **Re:    *Campos et al v. Nexus T-Squared Social NY LLC*,**
> **25-cv-00254 (ALC)**

Dear Judge Carter:

We represent Plaintiffs Ana Campos and Jonathan Weiss ("Plaintiffs") in the above-referenced action. We write in response to the Court's June 22, 2026 Order to respectfully set forth Plaintiffs' joint position on this matter. The resolution of this case was effectuated by way of a Rule 68 offer of judgment. As outlined below, the acceptance of an offer of judgment is self-executing and does not require a review under *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015) ("*Cheeks*"). Accordingly, Plaintiffs respectfully request that the Court enter the proposed judgment and close this matter.

By way of brief background, on May 18, 2026, the parties jointly informed the Court that they had reached an agreement in principle to resolve this matter and requested 30 days to finalize the necessary documents effectuating the resolution. ECF No. 16. Three weeks later, on June 9, 2026, Plaintiffs field a notice of acceptance with offer of judgment in which they certified that Defendant had served an offer of judgment and that Plaintiffs accepted that offer. ECF No. 18. Accordingly, and contemporaneously with the notice of acceptance, Plaintiffs filed a proposed judgment for the Court's review and entry. ECF No. 19. In the interim, the Court instructed the parties to file a memorandum of law explaining why the proposed settlement is fair and reasonable and otherwise does not raise any of the concerns cited by the Second Circuit in its decision in *Cheeks*. ECF No. 17. However, given that this case is being resolved via an offer of judgment, it is not subject to *Cheeks* review and the judgment should be entered.

Specifically, in *Mei Xing Yu v. Hasaki Rest., Inc*., the Second Circuit ruled that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." 944 F.3d 395, 398 (2d Cir. 2019) (finding "no indication […] that the FLSA requires judicial approval of stipulated judgments concerning FLSA claims" and declining "to pull such a requirement out of thin air with respect to Rule 68(a) offers of judgment settling FLSA claims"). Accordingly, given the Second Circuit's unambiguous precedent on this issue, we respectfully request that the Court enter the proposed judgment and close the case.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

    s/ *Josef Nussbaum*
Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640


cc: All Counsel of Record (via ECF)

2